UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAUNA YOUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF MASSACHUSETS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 22-11802-DJC<br>)<br>)<br>)<br>)<br>) |

**ORDER**

**CASPER, J.**                                                                                                              **May 4, 2023**

    Shauna Young ("Young"), proceeding *pro se*, initiated this action by filing a letter recounting her efforts to secure custody of her children in proceedings before the Probate and Family Court in New Bedford, Massachusetts. D. 1. In the letter, Young stated that although she reviewed the Court's instruction guide to filing a civil action, she is "declaring [herself] exempt from the rules, regulations and protocols of 'law' in how to go about filing a civil lawsuit." Id. at 1.

    By Memorandum and Order dated January 30, 2023, the Court ordered, among other things, that if Young wishes to pursue this action, she must on or before February 21, 2023; (1) pay the $402 filing and administrative fees or file a motion for leave to proceed *in forma pauperis*; and (2) file a complaint. D. 11. The Court also noted that failure to comply with the Order would result in dismissal of this action without prejudice. Id. In response, Young filed several letters. D. 13 – 15. The Court, construing Young's letter, D. 15, as a request for relief from having to file a motion for leave to proceed *in forma pauperis*, file a complaint or otherwise comply with the January 30th

Memorandum and Order, denied such request and reminded Young of the February 21, 2023 deadline.  D. 16.

On February 23, 2023, two days after the Court's deadline, Young filed a letter.  D. 17.  Young states that she is unable to file a complaint because she is preparing for a March 6, 2023 pre-trial proceeding in state court and is "overwhelmed" and unable to submit "a complaint in some proper format that [plaintiff] would have to research and 'legally' submit."  Id.  Young further states that she has provided the Court with "hard data" and has "gone way beyond to get the message across."  Id.  Young also states that she has "PTSD from all of this" and asks whether the Court could appoint an attorney or an assistant."  Id.   Finally, Young states that she is "sorry" and that she is "unable to follow through with this action, due to reasons stated within the context of [plaintiff's] letter."  Id.   On April 21, 2023, Young filed a one-page letter indicating that in addition to the instant action, she would "like to file a subsequent lawsuit against the entire Christian (including Catholic) Church 'establishment.'"  D. 18.

Young's various letters were not timely.  As to her request for appointment of an attorney, under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  There is no constitutional right to a free lawyer in a civil case. See DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991), and given that she has not filed a complaint establishing the subject matter jurisdiction for any claims or asserting viable claims, her request for counsel is denied.

Because Young states that she is unable to follow through with this action, and because the Court previously extended the time to file a complaint, no further extensions will be granted.  While the Court must construe a *pro se* litigant's pleading liberally, "*pro se* plaintiffs, like all other plaintiffs, must comply with the Federal Rules of Civil Procedure." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  A *pro se* litigant's obligation to comply with the Federal Rules of Civil

Procedure includes the requirement that a complaint complies with the "short and plain statement" requirement." Koplow v. Watson, 751 F. Supp.2d 317 (D. Mass. 2010) (dismissing *pro se* complaint for failing to comply with Rule 8).

Accordingly, for the failure to comply with the January 30th Order, D. 11, this action is hereby DISMISSED WITHOUT PREJUDICE.

**SO ORDERED.**

/s Denise J. Casper
Denise J. Casper
United States District Judge